[L. A. No. 16081. In Bank.—June 18, 1937.]

HENRY C. HUTCHINSON, Administrator, etc., et al., Appellants, v. MYRTLE COLVIN et al., Respondents.

Craig & Weller and Charles A. Deffebach for Appellants.

William A. Monten for Respondents.

SHENK, J.—Plaintiffs, respectively administrators of the estates of Mary M. Livingston, deceased, and James H.

Livingston, deceased, appeal from judgment for defendants in an action to quiet title to residence property in Glendale, California. The cause is before this court on motion of defendants to dismiss the appeal or affirm the judgment. The sole question for determination is whether it may be said as a matter of law that the evidence fails to support the findings and conclusions of the trial court that there was a complete delivery of the deed under which defendants claim, effective to vest title in them. The facts are:

On October 8, 1927, James H. Livingston and Mary M. Livingston, his wife, residents of Greenville, Illinois, executed a deed conveying the above-mentioned Glendale residence to Emma Stowe, widow (Mary M. Livingston's sister), during her natural life, and at her death to Myrtle Colvin (daughter of Emma Stowe and defendant herein). Shortly after executing this deed James H. Livingston delivered it to the cashier of the Bradford National Bank at Greenville. It was enclosed in a sealed envelope, which also contained a deed from Livingston to one Davidge covering other property not here involved. Written on the outside of the envelope, in the handwriting of James H. Livingston, was the following: "2—*Deeds* to be held until Mrs. Livingston J. H. Livingston are both dead." The bank cashier, upon receiving the sealed envelope containing the two deeds, had it placed in a filing case in the vault of the bank, where it remained until about three months prior to the death of James H. Livingston. At that time the cashier, in response to a letter from Livingston requesting the Davidge deed, broke the seal of the envelope, took out the Davidge deed, mailed it to Livingston, and then returned the envelope, still containing the deed here involved, to the vault. Emma Stowe passed away on December 21, 1928, James H. Livingston on January 19, 1931, and Mary M. Livingston on May 20, 1931. On May 23, 1931, the cashier wrote Mrs. Colvin, stating that he was sending her the deed, as instructed by the grantors. She had it recorded on June 6, 1931, and as a main defense to this action claimed title to the property by virtue of said conveyance and its delivery to her in the manner aforesaid. She likewise claimed to have acquired title by adverse possession and that James H. Livingston had made an oral gift to her of the property during his lifetime. The trial court

failed to find on the latter defense, but it did make specific findings in Mrs. Colvin's favor on her said main defense.

■   Appellants concede that it is the general rule in California that "a deed in the form of an absolute, unconditional conveyance which is delivered by the grantor to a third person, to be delivered to the grantee on the death of the grantor, with the intention on his part of making the delivery absolute and placing it beyond his power thereafter to revoke or control, has the effect of vesting the legal title at once in the grantee, with a tenancy for life reserved to the grantor. . . . '' (9 Cal. Jur., sec. 70, p. 180.)   ■   But appellants assert that here it is obvious that James H. Livingston never intended to, and in fact never did, part with control of and power to revoke and recall the two deeds which were placed in the sealed envelope.   That, as the two deeds were delivered to the cashier under identical instructions, and as James H. Livingston retained power to recall, and did recall, the Davidge deed, it follows as an irresistible conclusion that he also retained power to recall and could at any time have recalled the deed here involved; hence there was never a placing of said deed beyond his control or an absolute delivery effective to vest title in the grantees.

There is no doubt that it might be inferred from the recall of the Davidge deed that the grantors never intended to relinquish control of either of the two deeds placed in the bank's keeping.   But this is by no means the sole inference to be drawn from said occurrence, particularly when considered in connection with other evidence adduced on the trial. James H. Livingston was a director of the Bradford National Bank and called there daily.   He was therefore in a position to secure an unquestioned return of the deed from the cashier. His purpose in recalling the Davidge deed may have been to forthwith deliver it to the grantee named therein.   Or, if there was in the first instance an intent to make an absolute delivery of both deeds, effective to vest title in the respective grantees, the later withdrawal of the Davidge deed may have constituted a wrongful or an idle act, as was the case in *Knapp* v. *Bergman,* 5 Cal. (2d) 368 [55 Pac. (2d) 218], and such wrongful withdrawal would have no bearing on the situation as to the deed here involved.   In short, it was the province of the trial court in the present case to resolve the conflicting inferences which might be drawn from the recall

of the Davidge deed and its conclusion will not be disturbed by an appellate court.

The trial court found that the grantors delivered the deed here involved to the bank "with the intention then and there to convey title to the said property therein described to the grantees therein named, and said grantors did not reserve unto themselves any right to require the redelivery of said deed, nor did either of said grantors thereafter call for or demand a return of said deed, but the same, upon the delivery thereof and thereafter remained out of and beyond the control of said grantors". The court also found that after purchasing the property in July, 1927, James H. Livingston thereupon delivered it into the possession of Emma Stowe who, until her death in 1928, occupied it with her daughter, Myrtle Colvin; that it then passed into the possession and occupancy of Myrtle Colvin; that after the month of July, 1927, and during their occupancy and possession of the property, said Emma Stowe and Myrtle Colvin paid all taxes and assessments levied thereon, and at their own expense made valuable improvements thereon and therein.

These findings are amply supported by evidence showing an intention on the part of the grantors to give the residence to Mrs. Stowe and Mrs. Colvin. It was to be their home in Glendale, where Mrs. Livingston was a welcome guest on her visits to California. There is no evidence whatsoever that any instruction was ever given to the bank other than the instruction to hold the deed until death of the grantors and then deliver it to the grantees. The trial court was warranted in concluding that this delivery was intended to be absolute and that it was effective to vest title in the grantees.

The judgment is affirmed.

Langdon, J., Curtis, J., Edmonds, J., and Seawell, J., concurred.